IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



08/19/2025

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JESSE D. MARSHALL** | § | Case No. 23-41128 |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| DANIELLE EVANS AND | § | |
| HAMID MIRSEPASI | § | |
| | § | |
| Plaintiffs | § | |
| v. | § | Adversary No. 23-04072 |
| | § | |
| JESSE D. MARSHALL | § | |
| | § | |
| Defendant | § | |

## <u>MEMORANDUM OF DECISION</u>

On this date the Court considered "Plaintiffs' Motion for Summary Judgment and
Brief in Support" (the "Motion") filed by Danielle Evans and Hamid Mirsepasi
("Plaintiffs") on May 7, 2024, together with the related objection and reply.  Plaintiffs ask
this Court to enter summary judgment that a judgment debt owed by Defendant, Jesse D.
Marshall ("Debtor" or "Defendant") is nondischargeable under the false representation
component of 11 U.S.C. § 523(a)(2)(A), is a willful and malicious injury under 11 U.S.C.
§ 523(a)(6), and because Defendant made a materially false written statement under 11
U.S.C. § 523(a)(2)(B).  After consideration of the pleadings, proper summary judgment
evidence, and the relevant legal authorities the Court concludes that genuine issues of

-1-

material fact remain.  For the reasons explained in this memorandum, Plaintiffs' Motion

is **DENIED**.

## I.  Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and

157(a).  This Court has authority to enter final orders in this adversary proceeding

because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §

157(b)(2)(A) and (I), and meets all constitutional standards for the proper exercise of full

judicial power by this Court.

## II.  Facts and Procedure[1]

Plaintiffs, Danielle Evans and Hamid Mirsepasi, are a married couple who reside

in the State of Texas.  Plaintiffs own the residential home located at 5969 Kensington

Drive, Plano, Texas 75093 (the "Kensington Property").  Plaintiffs listed the Kensington

Property for lease in July, 2021.  On July 16, 2021, Defendant and his then girlfriend,

Lindsay Jo Allison, applied to lease the Kensington Property by submitting a signed

Rental Lease Application to Plaintiffs.  On July 17, 2021, Defendant and Ms. Allison

visited the property with their real estate agent, Mursil Madni.  Mr. Madni emailed the

Rental Lease Application to Plaintiffs.[2]

On the Rental Lease Application, Defendant listed that he had lived from October,

---

[1] These facts are presented only as a general factual background to the legal claims asserted in
the case.  This section is not intended to resolve any disputed or contested facts.

[2] Mot., Ex. A, ECF No. 14.

19, 2019 until August 2, 2021 at his "current address", 7210 Blairview Dr.  Dallas, TX

75230, and that Ms. Allison was the "Landlord or Property Manager."  Defendant listed

that he owned his "previous address", 700 Paradise Cove, Denton, TX 76208, and lived

there from February 1, 2010 until October 18, 2019.  He listed "Autograph Claim

Processin" as his "current employer" with a "start date" of June 5, 1997, his position as

"COO", and his supervisor as "Emily Ferguson."  His "gross monthly income" was

described as $10,500.00.  Mr. Madni's email included an "earnings statement" for

Defendant from"Autograph Claim Processing."

Plaintiffs' tenant selection criteria require self-employed applicants, or applicants

who rely on income from a closely-held business entity, to establish proof of income by

submitting tax returns and bank statements with the Rental Lease Application.  Plaintiffs'

criteria further disqualify applicants who (1) have a short or inconsistent landlord-tenant

history and/or (2) check the "yes" box to the application question: "Has Applicant ever:

been asked to move out by a landlord?"  Plaintiffs, having reviewed the application,

decided Defendant met these criteria.  The Rental Lease Application contained a

statement that the signatory, Defendant, "represents that the statements in this application

are true and complete."

On July 19, 2021, Plaintiffs, Defendant, and Ms. Allison entered into a Residential

Lease for the Kensington Property starting July 26, 2021 until June 30, 2023, with

monthly rent of $4,100.00.[3]  Defendant was required to pay the first month's rent, a

security deposit of $4,100.00, and prorated rent of $684.00 for the remainder of July,

2021.

In August 2021, Defendant and Ms. Allison stopped paying rent and vacated the

Kensington Property.  Three months later, on November 2, 2021, Defendant and Ms.

Allison sued Plaintiffs in Cause No. 471-06078-2021, styled *Lindsay Jo Allison and Jesse

D. Marshall v. Danielle Evans and Hamid Mirsepasi*, in the 471st Collin County District

Court (the "State Court Case").

Plaintiffs answered on November 29, 2021, and filed counterclaims.  Defendant

and Ms. Allison answered Plaintiffs' counterclaims.[4]  On December 9, 2022, an

interlocutory order was entered in the State Court Case granting summary judgment for

Plaintiffs.[5]  Later on March 27, 2023, a second order was entered in the State Court Case

awarding Plaintiffs supplemental attorneys' fees and other damages against Defendant.[6]

No appeal was filed.

On June 28, 2023, Defendant filed a voluntary petition for Chapter 7 bankruptcy.[7]

Plaintiffs filed this adversary proceeding on August 22, 2023.  Defendant answered.

---

[3] Mot., Ex. H, ECF No. 14;  Resp., 3, ECF No. 16.

[4] Mot., Ex. I, ECF No. 14.

[5] Mot., Ex. L, ECF No. 14.

[6] Mot., Ex. M, ECF No. 14.

[7] Case No. 23-41128, ECF No. 1.

### III. Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). FED. R. BANKR. P. 7056 incorporates FED. R. CIV. P. 56 so as to apply to adversary proceedings. Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which the necessary summary judgment showing can be made depends upon which party will bear the burden of proof at trial. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077 n.16 (5th Cir. 1994). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018). "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). An actual controversy of fact

exists where both parties have submitted evidence of contradictory facts.

*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

Courts may accept the moving party's version of the facts as undisputed. *Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (overruled on other grounds); cf. *F.D.I.C. v. Foxwood Mgmt. Co., No.* 92-2434, 1994 WL 24911, at *6 (5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the contents of a conclusory affidavit as true if they are unchallenged). This comports with the notion that courts need not hunt through the record searching for a genuine issue of material fact. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989). Once the movant has met its burden, the nonmovant may not rest upon allegations in the pleadings and still survive summary judgment. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007). The court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). The nonmovant must evince more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party were to present these factual disputes at trial, they must be such that a rational fact finder might find in favor of the nonmoving party. *Id*. at 587.

## IV. Discussion

When a plaintiff seeks to except a debt from discharge granted to a debtor, the

plaintiff must prove its claims by a preponderance of evidence. *Grogan v. Garner*, 498

U.S. 279, 286 (1991).  All exceptions to discharge under 11 U.S.C. § 523 "must be

strictly construed against a creditor and liberally construed in favor of a debtor so that the

debtor may be afforded a fresh start." *Hudson v. Raggio (Matter of Hudson)*, 107 F.3d

355, 356 (5th Cir. 1997).  The Fifth Circuit, however, has ruled that there are limitations

to this assumption, particularly in reference to the exceptions under 11 U.S.C. § 523 in

which the debtor has allegedly committed fraud. *Tummel v. Quinlivan (In re Quinlivan)*,

434 F.3d 314, 318-319 (5th Cir. 2005).  Consequently, courts must balance a debtor's

"fresh start" against protecting the victims of fraud.

### A.  Collateral Estoppel and 11 U.S.C. § 523(a)(6)

To prove the necessary elements of Plaintiffs' cause of action under section

523(a)(6), they seek application of collateral estoppel because of the their judgment from

the State Court Case.  Defendant disputes that collateral estoppel should be applied.

Collateral estoppel, also called issue preclusion, is a relevant doctrine where

factual issues in a case may have been determined in a prior case.  Applying the doctrine

means if "an issue of ultimate fact has been determined by a valid and final judgment, that

issue cannot again be litigated between the same parties in any future lawsuit." *Simmons

v. Bohana (In re Bohanna)*, Adv. No. 18-4065, 2019 WL 7580173 at *9 (Bankr. E.D.

-7-

Tex. Nov. 15, 2019) (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)).  In the context

of bankruptcy dischargeability cases, "parties may invoke collateral estoppel in certain

circumstances to bar relitigation of issues relevant to dischargeability."[8]  *Simmons*, 2019

WL 7580173, at *9 (quoting *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir.

2005)).  "While the doctrine of issue preclusion applies in bankruptcy dischargeability

litigation, a bankruptcy court retains exclusive jurisdiction to determine whether a debt is

dischargeable."  *Simmons*, 2019 WL 7580173, at *10 (citing *Grogan v. Garner*, 498 U.S.

279, 284 n. 11 (1991)); *In re Huffman*, No. 16-10344, 2017 WL 4621703, at *5 (Bankr.

E.D. Tex. Oct. 13, 2017); *Simpson & Co. v. Shuler (In re Shuler)*, 722 F.2d 1253, 1255

(5th Cir. 1984).  The Fifth Circuit has previously stated that "the determination of

whether a debt is nondischargeable under [§ 523] has been a matter of federal bankruptcy

law, not state law."  *Matter of Dennis*, 25 F.3d 274, 277 (5th Cir. 1994).  It is only in

"limited circumstances" that "bankruptcy courts [may] defer to the doctrine of collateral

estoppel and thereby ignore Congress' mandate to provide plenary review of

dischargeability issues."  *Id*. at 278.

    For collateral estoppel to apply in a bankruptcy court, the first court must have

"made specific, subordinate, factual findings on the identical dischargeability issue in

question–that is, an issue which encompasses the same *prima facie* elements as the

---

[8] Through *Brown v. Felsen* concerned res judicata, the Supreme Court noted in that decision that if a state court, "[i]n the course of adjudicating a state-law question," determines "factual issues using standards identical to those of [§ 523], then collateral estoppel...would bar relitigation of those issues in the bankruptcy court."  *Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979).

bankruptcy issue–and the facts supporting the court's findings are discernable from that

court's record." *Margolis v. Hensley (In re Hensley)*, 551 B.R. 792, 801 (E.D. Tex. 2015)

(citing *Matter of Dennis*, 25 F.3d at 277-78). See also *Coffman v. Deuel (In re Deuel)*,

Nos. 19-43056, 20-4014, 2022 Bankr. LEXIS 1754, at *23 (Bankr. E.D. Tex. 2022).

Federal courts apply the preclusion law of the court that rendered the judgment.

*Miller v. J. D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 602 (5th Cir. 1998), *cert. denied*,

526 U.S. 1016 (1999) (citing 28 U.S.C. § 1738 (full faith and credit statute)); *Matsushita*

*Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996) (additional citations omitted). "If

collateral estoppel applies, any relevant factual findings (i.e., related to the required

elements for nondischargeability) regarding the actions of the [Defendant] in this

common set of operative facts upon which the state court judgment is based should not be

disturbed here." *Short v. Long (In re Long)*, No. 17-60401, 2018 WL 1577894, at *3

(Bankr. E.D. Tex. Mar. 28, 2018). Rather, "[t]he Court applies those findings to the

required elements for nondischargeability to ascertain what factual issues, if any, remain."

*Id*.

Because the pertinent judgment was entered in Texas state court, this Court is

required to apply Texas law concerning issue preclusion. A party is precluded from

raising an issue under Texas law when: (1) the facts sought to be litigated in the second

case were fully and fairly litigated in the first; (2) those facts were essential to the prior

judgment; and (3) the parties were cast as adversaries in the first case. *Short v. Long (In*

*re Long)*, Adv. No. 17-6007, 2019 WL 1556648, at *7 (Bankr. E.D. Tex. Apr. 9, 2019);

*Carbaidwala v. Gerleman (In re Gerleman)*, Nos. 22-41821, 23-4022, 2024 Bankr.

LEXIS 2450, at *9 (Bankr. E.D. Tex. 2024).  "An important aspect of determining

whether a previously litigated matter has collateral estoppel effect is the identity of that

matter with the issue currently before the court."  *Brister v. A.W.I., Inc.*, 946 F.2d 350,

354 (5th Cir. 1991).  "Not only the facts, but also the legal standard used to assess them,

must be identical."  *Id.* at 354 n. 1.

Plaintiffs argue the elements of section 523(a)(6) were "established and found in

the state court proceeding and reflected in the judicial judgment orders dated December 9,

2022 and March 27, 2023."[9]  These two orders are the "Interlocutory Order Granting

Defendants' No-evidence and Traditional Motion for Summary Judgment"[10] and the

"Order Granting Defendants' Motion for Supplemental Attorneys' Fees and Final

Judgement."[11]  The summary judgment order was entered in response to a no evidence

and traditional summary judgment motion filed by Plaintiffs.  This summary judgment

motion asked the state court to grant Plaintiffs a judgment on two causes of action, breach

of contract and violation of Tex. Prop. Code § 92.108.[12]

---

[9] Debts arising "from willful and malicious injury by the debtor to another entity or the property of another entity" are nondischargeable in bankruptcy court.  11 U.S.C. § 523(a)(6).

[10] Mot., Ex. L, ECF No. 14.

[11] Mot., Ex. M, ECF No. 14.

[12] Mot., Ex. J, ECF No. 14.

First, the Court examines whether the state court made specific, subordinate factual findings about these causes of action. Regarding the first summary judgment order dated December 9, 2022, the Court finds it did not.[13] Regarding the second supplemental judgment order dated March 27, 2023, the Court finds similarly that it did not.[14] No other summary judgment evidence consists of fact findings from the state court. As a result, this Court cannot apply collateral estoppel to factual findings for the simple reason that there are no such specific findings before this Court to be considered.

Even if there were, however, the Motion would need to be denied for purposes of section 523(a)(6) as to Plaintiffs' breach of contract cause of action. This Court has previously found that a "contractual debt may be excepted from discharge if the requisite knowledge and intent is proven." *Kampfhenkel v. Sereboff (In re Sereboff)*, Nos. 21-41671, 22-04016, 2024 Bankr. LEXIS 961, at *9 (Bankr. E.D. Tex. 2024). This is because "a contractual breach may form the basis of a cause of action under 11 U.S.C. § 523(a)(6)." *Id.* at *10. Fifth Circuit precedent requires a "knowing breach of a clear contractual obligation that is certain to cause injury" for a contractual breach to be sufficient as the basis of a cause of action under section 523(a)(6). *Williams v. Electrical Workers IBEW Local 520*, 337 F.3d 504, 511 (5th Cir. 2003). "In order to determine whether this has occurred, a court must look at the knowledge and intent of the debtor at

---

[13] Mot., Ex. L, ECF No. 14.

[14] Mot., Ex. M, ECF No. 14.

the time of the breach." *Moraine v. Nazarko (In re Nazarko)*, Nos. 05-40372, 05-4270,

2008 Bankr. LEXIS 262, at *19 (Bankr. E.D. Tex. 2008).  A showing of breach of

contract alone is insufficient, because the requisite intent under section 523(a)(6) is not a

necessary element of a cause of action for breach of contract in Texas.[15]

The same result is appropriate for purposes of section 523(a)(6) for Plaintiffs'

cause of action for violation of TEX. PROP. CODE § 92.108(b).[16]  This statute contains a

bad faith presumption in favor of a tenant who withholds payment of the last month rent

because of the existence of a security deposit.  Comparatively under section 523(a)(6), for

an injury to be "willful," it must be "a deliberate or intentional injury, not merely a

deliberate or intentional act that leads to injury." *Kawaauhu v. Geiger*, 523 U.S. 57, 61-

62 (1998).  Thus, reckless or negligent conduct by a debtor leading to an injury is

insufficient. *Id*. at 64.  This means that section 523(a)(6) "applies to 'acts done with the

actual intent to cause injury,' but excludes intentional acts that cause injury." *Williams v.*

---

[15] Breach of contract in Texas requires proving "four elements: (1) formation of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) 'the plaintiff sustained damages as a result of the breach')." *"S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018).

[16] This statute provides:

> (a) The tenant may not withhold payment of any portion of the last month's rent on grounds that the security deposit is security for unpaid rent.

> (b) A tenant who violates this section is presumed to have acted in bad faith. A tenant who in bad faith violates this section is liable to the landlord for an amount equal to three times the rent wrongfully withheld and the landlord's reasonable attorney's fees in a suit to recover the rent.

> TEX. PROP. CODE § 92.108.

*IBEW Local 520 (In re Williams)*, 337 F.3d 504, 508 (5th Cir. 2003) (quoting

*Kawaauhau*, 523 U.S. at 61).  Unlike TEX. PROP. CODE 92.108(b), section 523(a)(6)

requires a showing that the *harm* caused by the "harmful act" was intentional, not just that

the act itself was intentional.  *In re Smith*, 659 B.R. 500, 510 (Bankr. E.D. Tex. 2024).

This difference means the underlying legal standards are not identical.  To find that

the *harm* caused by a "harmful act" was intentional, section 523(a)(6) requires either: (1)

objective substantial certainty of injury; or (2) subjective motive to cause harm.  *See*

*Miller v. J.D. Abrams Inc. (Matter of Miller)*, 156 F.3d 598, 606 (5th Cir. 1998).  The

objective standard is met when a court finds that a debtor intentionally took action(s) that

necessarily caused, or were substantially certain to cause the injury.  *Rainey v. Davenport*

*(In re Davenport)*, 353 B.R. 150, 202 (Bankr. S.D. Tex. 2006).  Under the subjective test,

a court must find that the debtor intended the actual injury that resulted.  *Id*.  The

objective standard recognizes "the evidentiary reality that defendants rarely admit

malicious intent."  *Yu v. Lau (In re Lau)*, No. 11-40284, 2013 WL 2476359, at *7 (Bankr.

E.D. Tex. May 28, 2013).  Thus, a court must analyze from a reasonable person's

perspective "whether the defendant's actions were substantially certain to cause harm,

[and] are such that the court ought to infer that the debtor's subjective intent was to inflict

a willful and malicious injury on the plaintiff."  *Boyle v. Berkenbile (In re Berkenbile)*,

No. 12-41969, 2014 WL 797743, at *9 (Bankr. E.D. Tex. Feb. 27, 2014) (citing *Mann*

*Bracken, LLP v. Powers (In re Powers)*, 421 B.R. 326, 334-35 (Bankr. W.D. Tex. 2009)

(citing *Berry v. Vollbracht (In re Vollbracht)*, 276 Fed. App'x. 360, 361-62 (5th Cir. 2007)).  "Substantial certainty does not mean absolute certainty, but it must be something more than a high probability."  *In re Jones*, 655 B.R. 884, 894 (Bankr. S.D. Tex. 2023). The statutory presumption of bad faith in Tᴇx. Pʀᴏᴘ. Cᴏᴅᴇ § 92.108 does not meet this test to show the requisite intent under section 523(a)(6).

Accordingly, because the state court did not make specific, subordinate factual findings on which this Court can rely, and because the causes of action at issue in the State Court Case do not require finding the requisite intent necessary to succeed on a cause of action under section 523(a)(6), genuine issues of material fact exist and the Motion as to section 523(a)(6) is denied.

### B. 11 U.S.C. § 523(a)(2)(A)

Plaintiffs' Motion next asks for summary judgment under section 523(a)(2)(A). Under section 523(a)(2)(A) a debt is excepted from discharge if obtained by false pretenses, false representation, or actual fraud.[17]  This subsection encompasses similar yet distinct causes of action.  The Fifth Circuit has distinguished the elements of "actual fraud" and "false pretenses and false representations."  *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1291 (5th Cir. 1995), *overruled on other grounds as recognized by Husky v.*

---

[17] Section 523(a)(2)(A) states:

"A discharge under § 727 of this title does not discharge an individual debtor from any debt for money, property or services...to the extent obtained by false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial conditions."

*Ritz (Matter of Ritz)*, 832 F.3d 560, 565 n.3 (5th Cir. 2016). Plaintiffs' Motion seeks summary judgment only under the "false pretenses and false representations" component of section 523(a)(2)(A).

To obtain a judgment of nondischargeability for false representation or false pretenses, a creditor must demonstrate that a debtor made: (1) knowing and fraudulent falsehoods; (2) describing past or current facts; (3) that were relied upon by the other party. *Wright v. Minardi (In re Minardi)*, 536 B.R. 171, 187 (Bankr. E.D. Tex. 2015) (citing *Allison v. Roberts (Matter of Allison)*, 960 F.2d 481, 483 (5th Cir. 1992)). False pretenses and false representations "both involve intentional conduct intended to create or foster a false impression." *FNFS, Ltd. v. Harwood (In re Harwood)*, 404 B.R. 366, 389 (Bankr. E.D. Tex. 2009). A false representation, however, "involves an express statement, while a claim of false pretenses may be premised on misleading conduct without an explicit statement." *Wright*, 536 B.R. at 187. To succeed under section 523(a)(2)(A), the creditor must prove an intent to deceive. *Friendly Fin. Service - Eastgate v. Dorsey (In re Dorsey)*, 505 F.3d 395, 399 (5th Cir. 2007). A court may infer the requisite intent from a "reckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation." *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005); *see also In re Miller*, 39 F.3d 301, 305 (11th Cir. 1994) (considering the totality of the circumstances to determine the debtor's intent).

-15-

Plaintiffs' section 523(a)(2)(A) allegations are that Defendant obtained the

Kensington Property lease through false representations or false pretenses.[18]  Specifically,

they state that "Marshall knowingly made materially false representations on his Rental

Lease Application with intent to deceive which were relied on and damaged the

Creditors/Plaintiffs."[19]  Plaintiffs assert they relied on the false representations on

Defendant's Rental Lease Application when they decided to enter into that agreement

with Defendant.[20]  Last, Plaintiffs argue the falsity of Defendant's application answers

proximately caused their damages awarded in the State Court Case.[21]

Defendant disputes these allegations, and asserts that he and Ms. Allison filled out

the Rental Lease Application to the "best of [their] ability."[22]  Defendant alleges he

stopped paying rent and vacated the Kensington Property because of defects in the

home.[23]  Defendant also argues that the damages awarded in the State Court Case based

on a violation of § 92.108 of the Texas Property Code concern withholding rent in bad

faith by a tenant, not fraud or false representations under section 523(a)(2)(A) in the

---

[18] Mot., Ex. A, ECF No. 14.

[19] Mot., 15, ECF No. 14.

[20] Mot., 6,  ECF No. 14.

[21] Mot., 16, ECF No. 14.

[22] Def. Decl., ¶ 8, 2, ECF No. 16.

[23] Resp., 3, ECF No. 16;  Def. Decl.¶ 5, 2, ECF No. 16.

Rental Lease Application.[24]

Under the standards enumerated, the Court finds genuine issues of material fact exist regarding the merits of Plaintiffs' cause of action under section 523(a)(2)(A) warranting denial of the Motion.  Statements regarding the Defendant's employment status and income are statements respecting his financial condition and do not fall under the nondischargeability standard of section 523(a)(2)(A).

### C.  11 U.S.C. § 523(a)(2)(B)

Plaintiffs' Motion last asks for summary judgment under section 523(a)(2)(B).[25] Plaintiffs' allegations are that Defendant obtained the Kensington Property lease because of a materially false application.  A debt is excepted from discharge under section 523(a)(2)(B) if a plaintiff demonstrates: (1) that the debtor made a written representation regarding his or an insider's financial condition;[26] (2) that the written representation

---

[24] Resp., 6-7, ECF No. 16;

[25] Section 523(a)(2)(B) states:

> "A discharge under § 727 of this title does not discharge an individual debtor from any debt for money, property or services...to the extent obtained by false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial conditions."

[26] A statement respecting the debtor's or an insider's financial condition must be in writing to meet the requirement of § 523(a)(2)(B).  *In re Sharpe*, 352 B.R. 409, 422 (Bankr. N.D. Tex. 2006); *Schneiderman v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 111 (2nd Cir. 2002).  "The writing requirement is satisfied if the written statement was signed, adopted and used, or caused to be prepared by, the debtor."  *Fairfax State Sav. Bank v. McCleary (In re McCleary)*, 284 B.R. 876, 885 (Bankr. N.D. Iowa 2002); *In re Batie*, 995 F.2d 85 (6th Cir. 1993; *Engler v. Van Steinburg*, 744 F.2d 1060 (4th Cir. 1984).

regarding his financial condition [27] was materially false;[28] (3) that the creditor reasonably

relied upon the written representation;[29] and (4) that the written representation was

published or caused to be made by the debtor with the intent of deceiving the creditor.[30]

---

[27] In a near-unanimous decision in *Lamar, Archer & Cofrin, L.P. v. Appling*, 138 S.Ct. 1752, 1764 (2018), the Supreme Court held that "a statement about a single asset can be a statement respecting the debtor's financial condition under § 523(a)(2)(B) of the Bankruptcy Code." In so doing, the Supreme Court rejected the standard that a "statement respecting the debtor's financial condition" was limited only to a statement that captures the debtor's overall financial status because such an interpretation reads the term "respecting" out of the statute. *Id*. at 1761. "A statement is 'respecting' a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status. A single asset has a direct relation to and impact aggregate financial condition, so a statement about a single asset bears on a debtor's overall financial condition and can help indicate whether a debtor is solvent or insolvent, able to repay a given debt or not. Naturally, then, a statement about a single asset can be a 'statement respecting the debtor's financial condition.'" *Id*.

[28] A statement merely being untrue or inaccurate is not enough for it to be materially false. *In re DeJulio*, 322 B.R 456 (Bankr. M.D. Fla. 2005), judgment entered, (Jan 11, 2005) (mere inaccuracy is not sufficient to show material falsity, but a significant exaggeration of assets is sufficient). A statement is "materially false if it paints a substantially untruthful picture of the defendant's financial condition by misrepresenting information of the type that would normally affect a plaintiff's decision to grant credit." *In re Koep*, 334 B.R. 364 (Bankr. D. Md. 2005); *Renasant Bank v. Goodin (In re Goodin)*, 2016 WL 587469, at *5 (Bankr. N.D. Miss. Oct. 7, 2016) (quoting *Jordan v. Southeast Nat'l Bank (In re Jordan)*, 927 F.2d 221, 224 (5th Cir. 1991) (overruled in part by *Coston v. Bank of Malvern (In re Coston)*, 991 F.2d 257 (5th Cir. 1993) (en banc)). The size of the discrepancy is a key factor when determining if a statement is substantially inaccurate. *Enterprise National Bank of Atlanta v. Jones (In re Jones)*, 197 B.R. 949, 960 (Bankr. M.D. Ga. 1996) ("Materiality is determined in part by the size of the discrepancy").

[29] To satisfy this element, a plaintiff must have actually relied on the written statement, and that reliance must have been reasonable. *Field v. Mans*, 516 U.S. 59, 68, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). If there is not actual reliance, there is no reasonable reliance. *Columbo Bank v. Sharp (In re Sharp)*, 340 F. App'x. 899, 908 (4th Cir. 2009) (citing *Field v. Mans*, 516 U.S. 59, 68 (1995)). Partial reliance on a written statement is sufficient to satisfy this element. *In re Slonaker*, 269 B.R. 595, 606 (Bankr. N.D. Tex. 2001); *Renasant Bank v. Goodin (In re Goodin)*, 2016 WL 5874969, at *7 (Bankr. N.D. Miss. 2016); *Hurston v. Anzo (In re Anzo)*, 562 B.R. 819, 829 (Bankr. N.D. Ga. 2016) ("A financial statement does not have to be the only factor influencing a creditor; partial reliance is all that is needed."). The reasonableness of a creditor's reliance is a factual determination that "should be judged in light of the totality of the circumstances." *Matter of Coston*, 991 F.2d 257, 261 (5th Cir. 2009).

[30] Unless a debtor admits to having an intent to deceive, courts look at the totality of the circumstances to infer whether the statement was knowingly false. *In re Morrison*, 555 F.3d 473, 482 (5th Cir 2009), *subsequently aff'd*, 555 F.3d 473 (5th Cir. 2009). Additionally, a debtor's intent to deceive may be inferred from his use of false financial statement to obtain credit. *Young v. Nat'l Union*

11. U.S.C. § 523(a)(2)(B).  These four elements are all questions of fact.  *Norris v. First Nat'l bank (In re Norris)*, 70 F.3d 27, 29 (5th Cir. 1995).

Under these principles, Plaintiffs have failed to make a sufficient showing to entitle them to summary judgement.  Plaintiffs argue that "Marshall's Lease Application was a written statement containing materially false representations about his financial condition which were relied on to the detriment of Creditors/Plaintiffs."[31]  Defendant's materially false written statements, according to Plaintiffs, are comprised of the following, "(i) amount of salary stated on Marshall's Lease Application, (ii) employment status as employee stated on Marshall's Lease Application, (iii) Marshall's creation and submission of a false salary paystub."[32]  Plaintiffs further argue Defendant intended to deceive them because of the attestation on the Rental Lease Application that all of Defendant's answers were "true and complete."[33]  Lastly, Plaintiffs allege Defendant's written statements on the Rental Lease Application were the proximate cause of

---

*Fire Ins. Co. (In re Young)*, 995 F.2d 547, 549 (5th Cir. 1993).  "[R]eckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation may combine to produce such an inference."  *In re Stapleton*, 2019 WL 3403355, at *8 (Bankr. E.D. Tex 2019) (citing *Morrison,* 555 F.3d at 482) (internal quotations omitted)).  If a creditor establishes that a debtor had actual knowledge of the false statement, then the debtor will be unable to overcome the inference of intent to deceive with unsupported assertions of honest intent.  *Stapleton*, 2019 WL 3403355, at *9.  When inferring intent to deceive, the bankruptcy court may consider the debtor's knowledge of experience in financial matters, and whether the debtor showed exhibited a clear pattern of purposeful conduct.  *Western Builders of Amarillo, Inc. v. Morrison (In re Morrison)*, 361 B.R. 107, 124 (Bankr. W.D. Tex. 2007), *aff'd,* 555 F.3d 473 (5th Cir. 2009).

[31] Mot., 16, ECF No. 14.

[32] Mot., 17, ECF No. 14.

[33] Mot., ¶ 6, 4, ECF No. 14; Mot., 18, ECF No. 14.

Plaintiffs' damages awarded in the State Court Case.[34]  Defendant denies both that the representations on the Rental Lease Application were materially false, and that any errors were made with intent to injure Plaintiffs.[35]

It is undisputed Defendant made written representations regarding his financial condition on his Rental Lease Application with statements regarding his salary and employment status.  However, Plaintiffs have not sufficiently shown that Defendant's representations on his Rental Lease Application painted a substantially untruthful picture of his financial condition.  Nor have Plaintiffs sufficiently shown that Defendant had the requisite intent.  Thus, under the summary judgment evidence presented to the Court, genuine issues of material fact still remain.

## V. Cross Motion for Summary Judgment

Defendant's response to the Motion contains a cross motion for summary judgment.  However, this cross motion fails to comply with LBR 7056(d).[36]  For this reason, it is denied.

## VI.  Issues Precluded from Re-Litigation

For the previously mentioned reasons, Plaintiffs' requested judgment in their favor

---

[34] Mot., 18, ECF No. 14.

[35] Resp., 15, ECF No. 16.

[36] LBR 7056(d) states:

> **(d) Format**.  Each motion for summary judgment, or response and reply thereto, shall comply in format and content with the requirements of Local District Court Rule CV-56 and shall be decided under the procedures stated therein.

as a matter of law must be denied.  Nevertheless, certain facts have been established.  The

following facts are relevant to the issues before the Court and have been established in

this proceeding under the guidelines of Local District Court Rule CV-56, as incorporated

by Local Rule of Bankruptcy Procedure 7056(d).[37]

1. Plaintiffs Danielle Evans and Hamid Mirsepasi are a married couple who reside in the State of Texas.

2. Defendant Jesse D. Marshall is an individual who resides in the State of Texas.

3. Danielle Evans and Hamid Mirsepasi, a married couple, are the owners of 5969 Kensington Drive, Plano, Texas 75093 ("Kensington Property") that they purchased on June 25, 2021.

4. Plaintiffs listed the Kensington Property for lease through the Multi-Listing Service in July 2021.

5. On July 16, 2021, Defendant signed and submitted a Rental Lease Application seeking approval to lease the Kensington Property.[38]

---

[37] Local District Court Rule CV-56 directs a movant to include a Statement of Undisputed Material Facts and to support such a statement with "appropriate citations to proper summary judgment evidence." It directs a respondent that any response "should be supported by appropriate citations to proper summary judgment evidence." With regard to the disposition of the motion, the rule states:

(c) **Ruling**. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by  proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Thus, any failure by a respondent to controvert the material facts set forth in any of the motions or to support such a challenge by references to proper summary judgment evidence, results in the facts as claimed and supported by admissible evidence by the movant "admitted to exist without controversy." E.D. TEX. LOCAL R. CV–56(c).

[38] Mot., Ex. A., ECF No. 14.

6.    The Rental Lease Application contained the following "Acknowledgment and Representation":

> "(1) Signing this application indicates that Applicant has had the opportunity to review Landlord's tenant selection criteria, which is available upon request.  The tenant selection criteria may include factors such as criminal history, credit  history, current income and rental history.
>
> (2) Applicant understands that providing inaccurate or incomplete information is grounds for rejection of this application and forfeiture of any application fee and may be grounds to declare Applicant in breach of any lease the Applicant may sign.
>
> (3) Applicant represents that the statements in this application are true and complete."

7.    Marshall did not submit any tax returns or bank statements with the Rental Lease Application.  He did submit a false paystub from Autograph Claim Processing showing a salary of $2,423.08 and YTD Net Pay $65,423.16.

8.    On the Rental Lease Application, Defendant listed that he lived at his "current address", 7210 Blairview Dr.  Dallas, TX 75230, from October, 19, 2019 through August 1, 2021.  Lindsay Allison was listed as the "Landlord or Property Manager" for this "current address."

9.    On the Rental Lease Application, Defendant listed his "previous address" before the "current address" was 700 Paradise Cove Denton, TX 76208, from February 1, 2010 through October 18, 2019.  The "reason for move" was given as "sold home."

10.   Marshall has admitted he did not live at 700 Paradise Cove in Denton, TX continuously from 2/1/2010 to 10/18/2019.

11.   On the Rental Lease Application, Defendant checked both"yes" and "no" in response to the question "Has Applicant ever: been asked to move out by a landlord?"

12.   On the Rental Lease Application, Defendant listed his "current employer" as "Autograph Claim Processin", P.O. Box 721031, Dallas, TX with a "start

date" of June 5, 1997, a gross monthly income of "$10,500.00", a supervisor named "Emily Ferguson", and a position of "COO".

13. Defendant was not, in fact, the "COO" of "Autograph Claim Processin" nor subject to supervision, but rather was the sole owner of "Autograph Claim Processing".

14. Marshall has admitted he was not a W-2 employee of any company during 2021.

15. Marshall has admitted he not receive a salary from Autograph Claim Processing in 2021.

16. Marshall has admitted he did not disclose his complete residential history and prior landlords in the Rental Lease Application.

17. Marshall represented in his Statement of Financial Affairs under penalty of perjury that he did not receive any income from operating a business or any other income in 2021 or 2022.[39]

18. Marshall represented in his Statement of Financial Affairs under penalty of perjury that during the years 2019-2023 (four years before filing bankruptcy) he did not own a business or have any defined connection to any business.[40]

19. Plaintiffs reviewed Defendant's Rental Lease Application, and determined that it satisfied their tenant selection criteria.  In doing so, Plaintiffs relied on the statements in the Rental Lease Application, and decided to turn away other qualified applicants.  Plaintiffs approved Defendant for a two-year lease.

20. Plaintiffs' tenant selection criteria requires self-employed applicants or applicants who rely on income from a closely-held business entity to establish proof of income by submitting tax returns and bank statements with the Rental Lease Application.

---

[39] Case No. 23-41128, ECF 1, Pg. 40.

[40] Case No. 23-41128, ECF 1, Pg. 49.

21.   Plaintiffs' tenant selection criteria disqualifies applicants (1) with short or inconsistent landlord-tenant history, and/or (2) who check the "yes" box to the application question of "Has Applicant ever: been asked to move out by a landlord?"

22.   Defendant has admitted that he intended his statements in the Rental Lease Application to be accepted by Plaintiffs as true.[41]

23.   Defendant has admitted that he intended Plaintiffs to rely on the attachments to Rental Lease Application including paystub for "Jess Marshall."[42]

24.   On July 19, 2021, Defendant entered into a Residential Lease Contract renting the Kensington Property from Plaintiffs from July 26, 2021 through June 30, 2023 for a monthly rent amount of $4,100.00.[43]

25.   The Residential Lease Contract required Defendant to pay the first month's rent in the amount of $4,100.00, a security deposit in the amount of $4,100.00, and a prorated rent amount of $684.00 for the remainder of July, 2021.[44]

26.   After Marshall moved into Kensington Property he did not make any rent payments.

27.   On November 2, 2021, Defendant, as one of the plaintiffs, commenced Cause No. 471-06078-2021, styled *Lindsay Jo Allison and Jesse D. Marshall v. Danielle Evans and Hamid Mirsepasi*, in the 471st Collin County District Court (the "State Court Case"). The State Court Case alleged deceptive trade practices and breach of lease.

28.   On November 29, 2021, Plaintiffs answered and filed a counterclaim for breach of contract, violation of the Texas Property Code, and attorneys' fees.

---

[41] Mot., Ex. C., ECF No. 14.

[42] *Id.*

[43] Mot., Ex. H, ECF No. 14;  Resp., 3, ECF No. 16.

[44] *Id.*

29.    On October 7, 2022 Plaintiffs moved for summary judgment on all of Defendant's claims.[45]

30.    Defendant objected to summary judgment on October 30, 2022.

31.    On December 9, 2022, the State Court entered its "Interlocutory Order Granting Defendants' No-Evidence and Traditional Motion for Summary Judgment."[46]  The State Court dismissed Defendant's claims against Plaintiffs with prejudice.

32.    In the State Court Case Plaintiffs moved for supplemental attorneys' fees and entry of final judgment.[47]  On March 27, 2023, the State Court granted this motion, and ordered that "Defendants/Counter-Plaintiffs Danielle Evans and Hamid Mirsepasi are awarded supplemental attorneys' fees in the amount of $18,177.50, plus $31.98 in litigation expenses, for a supplemental award of $18,209.49."[48]  The State Court thus ordered that:

> "Defendants/Counter-Plaintiffs Danielle Evans and Hamid Mirsepasi are entitled to recover the following from Plaintiffs Lindsay Jo Allison and Jesse D. Marshall, jointly and severally:
>
> (1) An award in the amount of $6,451.00 as actual damages;
>
> (2) An award of $12,300.00 as treble damages in accordance with Section 92.108 of the Texas Property Code;
>
> (3) An award of $50,736.90 in reasonable and necessary attorneys' fees and court costs;
>
> (4) An award of $1,393.19 as pre-judgment interest, calculated in accordance with Section 304.003 of the Tex. Fin. Code as of February 26, 2023.  The amount of $775.73

---

[45] Mot., Ex. J, ECF No. 14; Resp., 4, ECF No. 16.

[46]  Mot., Ex. L, ECF No. 14.

[47] Mot., Ex. M, ECF No. 14.

[48] *Id.*

for the period of November 2, 2021 through August 31, 2022, calculated at the authorized interest at the rate of 5%; plus the amount of $176.54 for the period of September 1, 2022 through October 31, 2022, calculated at the authorized rate of 5.50%; plus the amount of $97.84 for the period of November 1, 2022 through November 30, 2022, calculated at the authorized interest rate of 6.25%; plus the amount fo $113.92 for the period of December 1, 2022 and December 31, 2022, calculated at the authorized interest rate of 7%; plus the amount fo $229.16 for the period of January 1, 2023 through February 26, 2023, calculated at the authorized interest rate of 7.50%; an accumulating at a rate of 7.75% for the period of March 1, 2023 through March 31, 2023, or the maximum amount per day until this Order becomes final;

(5) An award of post-judgment interest at the rate of 5%, or at the maximum rate allowed by law, per annum compounded annually from the rate of judgment until the judgment is paid in full;

(6) Additional attorneys' fees of $7,500 for legal services if this case is appealed to, and successfully defended in the Court of Appeals;

(7) Additional attorneys' fees of $7,500 for legal services in the event Defendants are required to bring or respond to a petition for review to the Supreme Court of Texas and are successful on appeal; and
[8] Taxable court costs."[49]

33.   No appeal was filed in the State Court Case.

34.   Defendant filed his voluntary petition for Chapter 7 on June 28, 2023.

35.   This adversary was filed August 22, 2023.[50]

---

[49] *Id.*

[50] Comp., ECF No. 1.

36.     Defendant answered September 9, 2023.[51]

## VII.  Conclusion

Based upon the Court's consideration of the pleadings, the proper summary judgment evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein, the Court concludes that the "Motion for Summary Judgment and Brief in Support" filed by Plaintiffs, Danielle Evans and Hamid Mirsepasi, is hereby **DENIED**. Plaintiffs failed to demonstrate they are entitled to judgment as a matter of law regarding the dischargeability issues raised under 11 U.S.C. §§§  523(a)(2)(A), (a)(2)(B), and (a)(6). Therefore, these claims must be determined through a trial on the merits.

Defendant's cross-motion for summary judgment contained in his response to the Motion fails to comply with LBR 7056(d) and is **DENIED**.

Numerous factual issues, however, have been established through summary judgment evidence tendered to the Court.  Because the Court has not granted the relief sought by Plaintiffs' Motion, it is appropriate to state the material facts that are not genuinely in dispute pursuant to FED. R. CIV. P. 56(g).  These established facts as set forth in this Memorandum shall not be re-litigated at the trial for this adversary proceeding.  An appropriate order consistent with this opinion shall be entered by the Court.

Signed on 8/19/2025

---

[51] Ans., ECF No. 8.

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE